Lawrence WALSH and Joan Moore, Plaintiff,

v.

PITTSBURGH PRESS COMPANY, Pittsburgh Press Dismissal and Death Benefits Plan, The Pittsburgh Press Company and Severance Benefit Plan and Scripps Howard, Inc., Defendants,

v.

BLADE COMMUNICATIONS, INC. and PG Publishing Company, Third–Party Defendants.

Civ. A. No. 94–0941.

United States District Court, W.D. Pennsylvania.

Dec. 13, 1994.

Litman, Litman Harris and Brown, Roslyn Litman, Pittsburgh, PA, Daniel P. McIntyre, Falmough, ME, for plaintiff.

Volk, Robertson & Hellerstedt, John A. McCreary, Pittsburgh, PA, for defendants.

## OPINION

AMBROSE, District Judge.

Pending before the Court is the Motion of Plaintiffs, Lawrence Walsh and Joan Moore, for Class Certification Pursuant to Fed. R.Civ.P. 23. Plaintiffs initiated this civil action on June 6, 1994, against Defendants, Pittsburgh Press Company, the Pittsburgh Press Dismissal and Death Benefits Plan, The Pittsburgh Press Company Severance Benefit Plan, and Scripps Howard, Inc., to collect certain dismissal and severance benefits, vacation pay and bonuses, and for damages for failure to provide requested information under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* Jurisdiction is pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 1132(e). For the reasons set forth below, Plaintiffs' Motion for Class Certification will be granted.

Plaintiffs' proposed class includes "all Press employees terminated as a result of the December, 1992 closure of the Press who were not paid dismissal benefits under the Dismissal Pay Plan and/or severance benefits under the 1992 Severance Plan." (Complaint, ¶ 11) Defendants oppose the certification of this class.

In determining whether this proposed class should be certified, we are guided by Fed.R.Civ.P. 23 which provides:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of:

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or

.        .        .        .        .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23.

It is Plaintiffs' burden, as the moving party, to establish that all of the requirements of Rule 23 have been met. *Hoffman Elec., Inc. v. Emerson Elec. Co.,* 754 F.Supp. 1070, 1075 (W.D.Pa.1991). "[I]n a doubtful case any error, if there is to be one, should be committed in favor of allowing the class action." *Id.* Usually, the requirements under Fed. R.Civ.P. 23(a) are addressed with reference to the following categories: numerosity, commonality, typicality, and adequacy of representation. *See Id.* at 1075–78. *See also Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Plaintiffs argue that the putative class should be certified pursuant to Rule 23(b)(3) as opposed to Rule 23(b)(2). Thus, we must address the additional issues of: (1) predominance of the common questions of law or fact pertaining to the class as opposed to individual questions, and (2) whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *Hoffman,* 754 F.Supp. at 1078–79, citing Fed. R.Civ.P. 23(b)(3); *Eisen,* 417 U.S. at 163, 94 S.Ct. at 2145.

### 1. *Numerosity*

The numerosity requirement is met if the class is "so numerous that joinder of all members is impracticable." *Hoffman,* 754 F.Supp. at 1075. "Impractical, however, does not mean impossible." *Id.* The class proposed by Plaintiffs consists of approximately 300 non-union former Press employees. (Plaintiffs' Brief at 2) Defendants claim that Plaintiffs have failed to meet the numerosity requirement for two reasons: (1) Plaintiffs have failed to provide a consistent defini-

tion of the members of the class, and (2) joinder of all claimants is not impracticable. (Defendants' Brief in Opposition, pp. 11–12) We find Defendants' arguments unpersuasive. Plaintiffs have defined a clearly discernable class of nearly 300 individuals.[1] Joinder of all of these people, most of whom are not presently represented by counsel, would be impracticable.

### 2. Common Questions of Law and Fact

■ The common questions of law and fact that are present in the action included whether a specified class of former Pittsburgh Press employees are entitled to dismissal pay, severance pay, and vacation pay. Defendants argue that specific factual issues which "turn on individual oral communications, informal agreements and understandings, or other matters not susceptible to objective proof," exist which preclude a finding of commonality. (Defendants' Brief in Opposition, pp. 20–21) We find that Defendants' argument is without merit because it addresses the potential damages that each claimant may recover, rather than whether common questions of law and fact exist. We conclude that Plaintiffs have satisfied their burden in demonstrating commonality.

### 3. Typicality

■ "Typicality exists when the legal or factual positions of the class representatives are sufficiently similar to the legal or factual positions of the other class members." Welch, 146 F.R.D. at 135. While Plaintiffs' claims must be typical of the proposed class, they need not be identical. Id. Plaintiffs Walsh and Moore assert claims for severance, dismissal and bonus vacation benefits. These claims are typical of those of the class. While we recognize that some members of the class have allegedly already received severance and vacation pay (but not dismissal benefits), we do not find this distinction to require a finding that the claims of the class representatives are not typical. Any claims that may be made by any of the individual members of the class are embodied in the

claims of Walsh and Moore who adequately represent the interests of all class members. The typicality requirement has therefore been satisfied.

### 4. Adequacy of Representation

■ In determining whether Plaintiffs' counsel can adequately represent the class, we must examine whether (1) Plaintiffs have interests antagonistic to those of the class, and (2) the experience, competency and qualifications of Plaintiffs' attorneys. Hoffman, 754 F.Supp. at 1076. Defendants argue, with respect to the first element, that Plaintiffs' counsel has a conflict of interest because of counsels' representation of the plaintiffs in Anderson v. Pittsburgh Press Co., No. 93–0937, which is pending before this Court. Anderson involves claims by six former Pittsburgh Press employees for the same benefits sought by the Walsh plaintiffs. It is Defendants burden to prove that the representation will be inadequate. Id. Defendants argue that:

> Examples of [the] conflict may be seen in: (1) the fact that pursuit of Anderson has now slowed in deference to Walsh prioritization; (2) the inevitability that interests will be at odds on how the respective actions are litigated, which will affect motions, discovery, and use of witnesses made in one case or the other; (3) the statement by counsel advocating ". . . treat(ing) Anderson as a test case;" and (4) the possibility that there would be a limited pool of assets in the event Scripps is dismissed, which would place counsel for the class at odds with counsel for the individuals in Anderson.

Defendants' Brief in Opposition, pp. 15–16.

We find each of these contentions to be without merit. The interest at issue in determining adequacy of representation is the potential antagonistic relationship between the plaintiff representatives and those of the class, and there are no allegations, nor do we find, that the Walsh plaintiffs have any interests which are antagonistic to the proposed class. Nevertheless, it is clear that the inter-

---

1. This is within a number which the Third Circuit has held sufficient to meet the numerosity requirement. See Welch v. Board of Directors of Wildwood Golf Club, 146 F.R.D. 131, 135 (W.D.Pa.1993).

ests of the *Anderson* plaintiffs are not at odds with those of the *Walsh* plaintiffs.

With respect to the second element, there is no doubt that Plaintiffs attorneys are qualified, experienced and competent. We find, therefore, that Plaintiffs' counsel will adequately represent the class.

### 5. *Predominance*

■ We must next determine whether the common questions of law or fact pertaining to the class predominate over any individual questions. Fed.R.Civ.P. 23(b)(3). Plaintiffs claim that not only do the common questions predominate, but they are "virtually identical for all the class members." (Plaintiffs' Brief, p. 7) Defendants contend, however, that "any commonality that exists in this case exists only as to legal questions, resolution of which depends on the tremendous diversity of factual questions already noted." (Defendants' Brief in Opposition, p. 20) As Plaintiffs point out, however, factual distinctions, such as the issue of individual damages, "are largely a matter of mathematical calculation based on length of service and the formulas for calculating dismissal benefits, severance pay, and vacation pay and bonuses contained in the ... plans." (Plaintiffs' Brief, p. 8) We find that Plaintiffs have met their burden in establishing that the common questions of law or fact pertaining to the class predominate over any individual questions.

### 6. *Superiority*

■ Finally, we must determine whether a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3). Factors to be considered in determining whether the class action is a superior method of adjudication include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability (or undesirability) of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. Fed.R.Civ.P.

23(b)(3). *See also Hoffman,* 754 F.Supp. at 1079.

Defendants dispute the superiority of the class action and argue:

> [a]bsolutely no showing has been made by Plaintiffs of any advantages to be created by the proposed class action as to the Judicial System, Present *Anderson* Plaintiffs, Public, or Defendants ... [The] *Walsh* class action certification would ... [add] a whole other layer of litigation complexity via the class which would nonetheless require literally several hundred mini trials ... [I]nstead of [the *Anderson* plaintiffs] having their case proceed promptly to a conclusion, [they] would be assigned to some kind of procedural limbo, their stalking horse mission having been accomplished.

Defendants' Brief in Opposition, p. 28.

Defendants conclude that "settlement leverage and the exaction of high fees make this class case an inferior adjudication method." (Defendants' Brief in Opposition, p. 30)

We find that a class action is a superior method of adjudication in this case. Determining the eligibility for benefits of all employees in one action is more efficient and effective for all parties involved. Although the amount of the recovery for each employee may differ, such a determination of amount of recovery will, according to Plaintiffs, be based on a mathematical formula, and will not render the class action unmanageable.

We conclude, therefore, that Plaintiffs have met their burden of establishing all the requirements under Fed.R.Civ.P. 23 for class certification. Plaintiffs' Motion will therefore be granted.

### ORDER OF COURT

**AND NOW,** this **13th** day of December, 1994, after careful consideration of the submissions of the parties and for the reasons set forth in the accompanying Opinion,

It is hereby **ORDERED** that Plaintiffs' Motion for Class Certification (Docket #: 10) is **GRANTED.**

It is further **ORDERED** that Plaintiffs' counsel submit a proposed form of notice to each class member for the Court's review **on or before** December 30, 1994.