Karol R. STADLER, et al., Plaintiffs,

v.

A. Donald McCULLOUCH,
Jr., et al., Defendants.

No. 93–CV–3093.

United States District Court,
E.D. Pennsylvania.

Dec. 12, 1996.

Sherrie R. Savett, Alan M. Sandals, Patri-
cia D. Gugin, Berger & Montague, P.C.,

Philadelphia, PA, Robert A. Rovner, Rovner, Allen, Rovner, Zimmerman & Kats, Feasterville, PA, Joshua P. Rubinsky, Brodie & Rubinsky, Philadelphia, PA, for Plaintiffs.

Ellen Rosen Rogoff, Stradley, Ronon, Stevens & Young, Philadelphia, PA, for McCullouch.

Barry E. Ungar, Mann, Ungar & Specter, Philadelphia, PA, for Ivey.

Thomas A. Masterson, Joseph B.G. Fay, Thomas P. Hogan, Jr., Morgan, Lewis & Bockius, Philadelphia, PA, Richard A. Wilsker, Ross & Hardies, New York City, Alan I. Moldoff, Adelman Lavine Gold and Lavin, Philadelphia, PA, for Sylvester.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This memorandum and order addresses two outstanding motions. The first motion was filed by Defendant Sylvester to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). The second motion was filed by plaintiffs to certify the instant action as a class action and designate Plaintiffs Grossberg and Stadler as class representatives.

For the reasons discussed below, we grant Defendant Sylvester's motion to dismiss and also dismiss the state law claims against the other defendants. In addition, we deny plaintiffs' motion for class certification and give plaintiffs thirty days to resubmit their motion if they choose to do so.

### BACKGROUND

Plaintiffs Stadler and Grossberg are former employees of Nutri/System, Inc. ("Nutri/System"), a company that provides weight loss services. In 1993, plaintiffs brought a complaint against several of Nutri/System's former directors and officers. Plaintiffs alleged that defendants owe plaintiffs money under a Partnership Profit Sharing Plan ("PPSP"). Plaintiffs also alleged that defendants failed to provide various other employment related benefits, including medical benefits under the Nutri/System Medical Plan, ("NSMP"), which is governed by the Employment Retirement Income Security Act ("ERISA") as codified at 29 U.S.C. § 1001 *et seq.*

Plaintiffs then proceeded to amend the complaint three times, with the result that at least five counts of plaintiffs' third amended complaint concern the PPSP and are based on Pennsylvania statutory law, and the remaining three counts seem to concern various other employment related benefits.[1]

Since the only claims against Mr. Sylvester are three of the state law PPSP claims, this court does not have federal question jurisdiction over the claims against Mr. Sylvester. Furthermore, Plaintiff Stadler and Defendants McCullouch and DiMarco are Pennsylvania citizens and therefore this case does not meet the requirements for diversity jurisdiction. Defendant Sylvester has therefore filed a motion to dismiss the complaint against him arguing that this court does not have subject matter jurisdiction over the claims against him.

Plaintiffs claim that there is a federal question ERISA claim asserted against the other defendants and that there is supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims asserted against these defendants. Plaintiffs further claim that if Defendant Sylvester is dismissed from this action they could sue him in another federal diversity action since he is a Florida citizen, Plaintiff Stadler is a Pennsylvania citizen, and Plaintiff Grossberg is a New Jersey citizen. According to plaintiffs, this court would then end up hearing all the claims in one or two related lawsuits, but only after an unnecessary waste of time if this court were to dismiss Defendant Sylvester from this action and effectively force plaintiffs to file a second lawsuit.[2]

---

1. The third amended complaint is not clear. Nevertheless, Counts One to Five seem to allege state law claims based on the PPSP, Count Six is an ERISA claim and concerns the NSMP, Count Seven is a state law claim and seems to relate to various other employment related benefits, and Count Eight is a state law claim concerning either the PPSP or the additional employee benefits mentioned in Count Seven.

2. Plaintiffs' assertions are not completely accurate. Plaintiffs Grossberg and Stadler are New Jersey and Pennsylvania citizens respectively. Defendants Ivey and Sylvester are North Carolina and Florida citizens respectively, while

Defendants Ivey and McCullouch have responded to plaintiffs' argument by arguing that this court not only does not have supplemental jurisdiction over any of the state law claims and therefore should dismiss them, but also that this court should dismiss the federal ERISA claim and allow all the claims to be tried together in state court.

## DISCUSSION

### I. Subject Matter Jurisdiction

Federal courts are courts of limited subject matter jurisdiction. They have subject matter jurisdiction over two general types of actions—those arising under the Constitution, laws, or treaties of the United States, commonly known as federal question cases, and those arising between citizens of different states, commonly known as diversity jurisdiction cases. *See generally* 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

Nevertheless, Congress has permitted federal courts to exercise supplemental jurisdiction under 28 U.S.C. § 1367 ("section 1367"). This statute allows federal courts, in limited circumstances, to hear claims over which they would not ordinarily have subject matter jurisdiction. Section 1367(a) provides in relevant part,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (West 1993).

■ There are three requirements before a federal court can assert supplemental jurisdiction. First, the federal claim must be sufficient to confer subject matter jurisdiction. Second, the state and federal claims must derive from a common nucleus of operative fact. Third, the claims must be such

that a plaintiff would be expected to try them all in one proceeding. *Lyon v. Whisman,* 45 F.3d 758, 760 (3d.Cir.1995).

■ A federal court should exercise supplemental jurisdiction if the federal and state claims are merely alternative theories of recovery based on the same acts or events. *Id.* at 761. The nexus between the federal and state law claims cannot be a loose one, for example, the general employer-employee relationship; instead, the nexus between the claims must be relatively narrow, and, for example, concern the same aspect of the employer-employee relationship. *Id.* at 762–63; *see also Local No. 1 (ACA) v. International Bhd. of Teamsters,* 614 F.2d 846, 852 (3d.Cir.1980) (holding that there was no supplemental jurisdiction over state law salary disputes when federal jurisdiction arose out of a merger dispute actionable under the Labor Management Relations Act), *Robinson v. Sizes Unlimited, Inc.,* 685 F.Supp. 442, 449 (D.N.J.1988) (holding that federal question jurisdiction based on federal age discrimination statute did not give court supplemental jurisdiction over claims based on alleged handicap discrimination even if same employment was involved).

■ Plaintiffs have alleged a federal question claim with regard to one count of the complaint, a count which relates to the NSMP and which is asserted against Defendants Ivey and McCullouch. The state law claims cannot be said to arise under a "common nucleus of operative fact," with the NSMP claim, nor can it be expected that the state law claims would be tried in the same proceeding as the NSMP claim. Under *Lyon* and the other cases cited above, there is no relationship between the federal claim against Defendants Ivey and McCullouch, and the state law claims against Defendants Sylvester, Ivey and McCullouch, other than the fact that both claims arose out of plaintiffs' employment with Nutri/System. This

Defendants DiMarco and McCullouch are Pennsylvania citizens. If we find that there is no supplemental jurisdiction in this case, and we dismiss all the state law claims, plaintiffs could at most bring an action in which they asserted ERISA claims against Defendants Ivey, McCullouch and DiMarco, and state law claims against diverse Defendants Ivey and Sylvester.

Plaintiff Grossberg could also assert state law claims against Defendant DiMarco and Ivey but Plaintiff Stadler would have to sue Defendants McCullouch and DiMarco in state court over the state law claims. Plaintiffs' assertion that all parties and all claims would end up in federal court assumes that we would find supplemental jurisdiction over all the state law claims.

loose nexus is not enough to warrant the assertion of supplemental jurisdiction. The NSMP claims require evidence of the medical plan claims and payments made, as well as the application of ERISA law. The PPSP claims and the claims for the other employment related benefits require documents related to the PPSP shares awarded or earned, as well as documents related to the terms of the other employment benefits. It seems clear that the issues to be litigated in resolving the NSMP claims do not relate to those involved in adjudicating the other claims. There is therefore no basis for supplemental jurisdiction over the state law claims against Defendants Sylvester, Ivey and McCullouch and accordingly, we will dismiss these claims.[3]

■ Nevertheless, we will not dismiss the ERISA claim against Defendants Ivey, DiMarco and McCullouch. Since the ERISA claim is unrelated to the state law claims, the fact that these defendants will have to defend the state law claims in a separate action from the ERISA claim does not lead us to conclude that there will be an unnecessary waste of resources. As most defendants readily conceded when arguing for a dismissal of the state law claims against them, the two matters are unrelated and require separate discovery, regardless of whether they are tried in one or two proceedings. Since the ERISA claim is clearly a federal question claim over which this court has jurisdiction, it shall remain in this court.

## II. Class Certification

■ Since we have dismissed plaintiffs' state law claims, we shall consider the motion for class certification only as to the ERISA claim. Nevertheless, we note that plaintiffs' brief in support of class certification and defendants' responses primarily discuss the PPSP claims which we have dismissed. In fact, plaintiffs' proposed subclasses are organized around the assertion of the PPSP claims. We will therefore attempt to differentiate the facts that were presented in connection with the PPSP claims from those that concern the ERISA claim.

■ The burden of proof as to the necessity of class certification is on the party who seeks class certification. *See e.g. Ardrey v. Federal Kemper Ins. Co.*, 142 F.R.D. 105, 108 (E.D.Pa.1992); *Welch v. Board of Directors of Wildwood Golf Club*, 146 F.R.D. 131, 134 (W.D.Pa.1993). Four requirements must be met, namely that (a) the class is so numerous that joinder of all the members is impracticable, (b) there are common questions of law and fact (c) the claims or defenses of the class representative is typical of those that would be asserted by the entire class, and (d) the class representative will fairly and ade-

---

**3.** The complete diversity rule, first enunciated in *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806); *see also, Development Finance Corp. v. Alpha Housing Health Care et. al.*, 54 F.3d 156, 158 (3d. Cir.1995), requires that all plaintiffs be diverse from all defendants; none of the plaintiffs can be from the same state as any of the defendants.

Nevertheless, there is an exception to the complete diversity rule which was first announced in *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 380–82, 79 S.Ct. 468, 485, 3 L.Ed.2d 368 (1959). According to this exception, when there are both federal question and diversity claims in one action, the federal question defendants are not considered in determining whether complete diversity is present; the court looks only to the defendants against whom the claims are based on diversity jurisdiction, and then applies the complete diversity rule to these defendants.

The *Romero* rule would seem to suggest that we would ignore all the federal question defen-

dants in this case, and look at the only defendant who does not have a federal question claim asserted against him, Defendant Sylvester. Since Defendant Sylvester is diverse from both plaintiffs, it would seem that we would hold that there is diversity jurisdiction over the claims against him and we would not dismiss him from this action. Nevertheless, we note that all the cases that apply *Romero* are cases in which the federal question claims and the state law claims arose from the same course of events and supplemental jurisdiction was present. *See e.g. Kalik v. Allis–Chalmers Corp.*, 658 F.Supp 631, 636 (W.D.Pa. 1987). The courts in those cases presumably excluded the federal question defendants because they realized that the plaintiffs could bring all claims in federal court by simply suing the state law defendants in one suit based on diversity jurisdiction, while suing the non diverse federal question defendants on both the federal law and the state law claims, over which there was supplemental jurisdiction, in another federal court action. That is not the case here since we have found that there is no supplemental jurisdiction.

quately represent the class. Fed.R.Civ.P. 23(a).

After satisfying these four requirements, the proponent of class certification must then show that the proposed class fits within one of the three categories of classes as delineated in Fed.R.Civ.P. 23(b). Since plaintiffs have relied on subsection (3) of Rule 23(b), we note that that class requires showing that two further requirements have been met, namely that (a) the common questions of law and fact predominate over the individual issues in the case and (b) the class action is the superior method to handle the controversy. Fed.R.Civ.P. 23(b)(3).

The first factor under Fed.R.Civ.P. 23(a), requires us to determine if joinder is impracticable. Plaintiffs have proposed subclasses that are based on the PPSP claims and have suggested that there are about 200 members of these subclasses, a number which would support class certification, *see e.g. McMahon Books Inc. v. Willow Grove Associates,* 108 F.R.D. 32, 34–5 (E.D.Pa.1985), but we do not know how many of these claimants are also ERISA claimants.

The second factor under Fed.R.Civ.P. 23(a) requires us to determine whether there are common questions of law and fact, and in doing so, we note that this requirement is not

a stringent one. *In re Asbestos Litigation* 789 F.2d 996, 1010 (3d.Cir.1986); *Hassine v. Jeffes,* 846 F.2d 169, 176–8 (3d.Cir.1988). The common issues present in this case could involve the terms of the medical plan, defendants' breach of the terms of the plan, and the propriety of piercing the corporate veil for the ERISA claim. If all the members of the proposed class of ERISA claimants allege a failure of defendants to pay the benefits due to the class members under the NSMP, there may be common questions of law and fact sufficient to warrant class certification.

The third factor under Rule 23(a), requires us to determine whether the class representative's claims are typical of the class. We have assumed that the ERISA claim is being asserted by both plaintiffs and so we shall assess the propriety of both of them to be the class representative for the ERISA claims.[4]

Courts have stated that a plaintiff's claim is typical if it arises from the same event or course of conduct that gave rise to the claims of the other class members. *See e.g. Moskowitz v. Lopp,* 128 F.R.D. 624, 629 (E.D.Pa. 1989). If all the proposed class members' claims are based on defendant's conduct in refusing to pay benefits, then Plaintiffs' claims may well be typical of the class.[5]

---

4. It is not clear whether the sixth count of the complaint, the ERISA count, is being asserted by Plaintiff Grossberg only, or by both plaintiffs. Indeed defendants seem to believe that only Plaintiff Grossberg is asserting an ERISA claim, perhaps because the text of the count only mentions Plaintiff Grossberg. Nevertheless, plaintiffs have referred to the ERISA claim at least once in their brief as the federal question ERISA claims of Plaintiffs Stadler and Grossberg. We will therefore assume that the ERISA claim is being asserted by both plaintiffs.

5. Defendants state that Plaintiff Grossberg has asserted medical plan claims for periods both during and after his employment with Nutri/System. Defendants therefore make three arguments that Plaintiff Grossberg's claims are not typical of the class he seeks to represent. First, defendants argue that Grossberg cannot represent claimants whose claims are based on expenses incurred when employed since he asserts claims for periods both during and after his employment. Second, defendants argue that Grossberg cannot represent claimants who did not live in New Jersey. Third, defendants argue

that Grossberg's claims are not typical of those who do not assert a medical plan claim.

We note that plaintiffs have not said that Grossberg is seeking reimbursement for claims after his employment terminated; by all appearances, that is a defense that defendants are asserting and which would not affect our initial determination of the propriety of class certification.

We also assume that defendants' arguments about Plaintiff Grossberg's state of residence are directed to plaintiffs' intention to have Grossberg serve as the class representative for state law claims. The laws governing these claims would indeed differ depending on the states the various plaintiffs were from, but that consideration is now moot as we are only considering the propriety of naming Plaintiff Grossberg as the representative of the ERISA claim, an issue of federal law.

Finally, we must also assume that Grossberg is only representing those plaintiffs that have a medical plan claim. We further assume that defendants' arguments that Grossberg is an inadequate class representative because some proposed class members did not have medical plan

The fourth requirement under Fed. R.Civ.P. 23(a) is that the plaintiff will fairly and adequately represent the class. This requires showing that there are no conflicts of interest between the class representative and the members of the class in connection with the subject matter of the litigation, and that counsel for the plaintiff is competent to conduct the litigation. *Welch,* 146 F.R.D. at 136.

While we are confident that plaintiffs' counsel is capable of conducting this litigation, since they have been involved in numerous class action cases, we do not have sufficient information with which to determine whether there is any conflict between plaintiffs and the class members, and therefore, whether they are suitable class representatives. All of defendants' arguments about potential conflicts of interest were directed to the PPSP claims and understandably so, since plaintiffs had proposed their subclasses based on the PPSP claims. It is therefore difficult for us to adequately discern whether there are conflicts between the named plaintiffs and the proposed class of ERISA claimants.

Since we have been unable to obtain enough facts to determine whether the four requirements of Rule 23(a) are satisfied, especially whether joinder is impracticable or whether plaintiffs are suitable class representatives, we will not consider the factors delineated under Fed.R.Civ.P. 23(b)(3). Instead, we shall give plaintiffs an additional thirty days to resubmit their motion for class certification as to the ERISA claim.

## CONCLUSION

There is no basis for this court to exercise supplemental jurisdiction over the state law claims against any of the defendants, since the state law claims are unrelated to the facts underlying the federal ERISA claim. Accordingly, we dismiss the state law claims against all defendants, and consequently, Defendant Sylvester is dismissed from this action since no federal claim was asserted against him.

claims, were addressed to plaintiffs' now moot

We shall also give plaintiffs an additional thirty days to resubmit their motion for class certification.

proposed subclasses of PPSP claimants.